**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 14 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

KEVIN WINSHIP,

     Plaintiff-Appellant,

v.

STEVE LUMPKIN,

     Defendant-Appellee.

No. 98-7075
(D.C. No. 97-CV-479-B)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **PORFILIO** , **BALDOCK** , and **HENRY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Kevin Winship filed a 42 U.S.C. § 1983 action against defendant Steve Lumpkin, a park ranger for the State of Oklahoma, claiming that defendant used excessive force against him during a traffic stop in McCurtain County, Oklahoma. The district court granted defendant's motion for summary judgment and dismissed plaintiff's § 1983 complaint. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

The material facts are undisputed. Near sunset on the evening of June 8, 1996, plaintiff was driving his pickup truck on Highway 259 with two other passengers when the truck ran out of gas. Plaintiff pushed the truck until it began rolling downhill, then got in the truck bed while one of the passengers steered. Defendant came up behind plaintiff's pickup truck and activated his lights for plaintiff to pull over. The truck did not immediately pull over, but was steered into a store parking lot approximately one-quarter mile away, where it came to a stop.

After the pickup truck stopped, all three passengers got out. Plaintiff reached into the cab of the pickup to retrieve his wallet. Two rifles were in the gun rack of the truck and a hand gun was laying in plain view on the seat in the pickup's cab. As plaintiff reached into the cab, defendant struck plaintiff on the arm with a night stick or baton, causing plaintiff to drop his wallet. Plaintiff conceded that the blow was so slight that he did not even know he had been

struck. He again reached into the cab to retrieve his wallet and, again, defendant struck him on the arm, causing him to drop his wallet. Plaintiff concedes this second blow was also so slight that he did not know he had been struck. Plaintiff then reached for his wallet a third time and defendant struck him on the back of his head with his baton. Plaintiff testified this blow hurt and he said "Oh." Plaintiff then ran away, eluding law enforcement officers. Other than the expression "Oh," neither the passengers, plaintiff, nor the defendant said anything to each other during the entire traffic stop. Plaintiff testified he had bruises on his arm and a lump on his head from the blows, but he did not receive any medical treatment for any physical or emotional injuries. Plaintiff pled no contest to one charge of failing to comply with a police officer regulating traffic.

The district court granted summary judgment in favor of defendant, finding that his actions in striking plaintiff to prevent him from picking up an object from the cab of the pickup were objectively reasonable in light of plaintiff's failure to immediately pull over, the fact that firearms were readily apparent in the cab of the pickup truck, and the fact that plaintiff repeatedly reached into his vehicle without ever explaining that he was trying to get his wallet. The district court concluded that defendant had reasonable justification to conclude his safety was threatened and therefore, that his use of force was not excessive in light of the circumstances.

We review a grant of summary judgment _de novo_, applying the same legal standard as the district court. _See_ Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996). Summary judgment is appropriate in a § 1983 action if the plaintiff fails to present evidence sufficient to support a reasonable inference that the defendant violated the relevant constitutional standards. _Id._

All claims of excessive force are "analyzed under the Fourth Amendment and its 'reasonableness' standard." Graham v. Connor, 490 U.S. 386, 395 (1989). The pertinent question is whether defendant's decision to strike plaintiff with his baton was objectively reasonable in light of the facts and circumstances confronting him. _See id._ at 397. Relevant factors in determining the reasonableness of force used by a police officer include "the severity of the crime, whether the subject posed an immediate threat to the safety of the officer, and whether the subject was resisting arrest." Latta v. Keryte, 118 F.3d 693, 701 (10th Cir. 1997).

On appeal, plaintiff argues the district court erred in granting summary judgment because resolution of whether defendant used excessive force is a fact question for the jury. Plaintiff argues that no serious crime was being investigated, that any threat of harm to the defendant was minimal because he was only reaching for his wallet, and that he did not attempt to evade arrest until after defendant's use of force.

We have reviewed the record, and we agree with the district court that defendant's conduct was objectively reasonable and that summary judgment is appropriate. It is uncontroverted that firearms were visible and readily accessible in the cab of the pickup. Although plaintiff claims he was only reaching for his wallet, there is no evidence that defendant was aware of that. Although plaintiff was only pulled over for a traffic stop and did not attempt to elude defendant until after defendant's use of force, it was reasonable from the defendant's vantage point at the scene of the traffic stop to use some degree of force to prevent plaintiff from taking his firearms out of the pickup. We noted in Wilson v. Meeks, 52 F.3d 1547, 1556 (10th Cir. 1995) that "the first duty of a police officer is to ensure the safety of the officers and the public." The use of force must be judged from the perspective of a reasonable officer "on the scene," who is "often forced to make split-second judgments . . . about the amount of force that is necessary in a particular situation." Graham, 490 U.S. at 396-97. In addition, an assessment of the degree of force actually used is critical in the determination of whether the force was excessive. See Tennessee v. Garner, 471 U.S. 1, 8-9 (1985). Here, the force in question was applied briefly, plaintiff was only aware of two of the three blows, and his only injury was some minor bruising. Under these circumstances, plaintiff's allegations do not establish a constitutional violation. Therefore, the district court did not err in dismissing plaintiff's action.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court


Robert H. Henry
Circuit Judge